EDWARD MITCHELL *vs.* THE INHABITANTS OF BRIDGEWATER.

A warrant for a sheriff's jury to assess land damages, caused by raising a highway, need not direct from what county the jurors are to be summoned; it is sufficient if it requires the sheriff to summon them "according to law."

A highway surveyor has authority to raise a highway in the course of his repairs, in pursuance of Rev. Sts. c. 25, § 6, and so to render the town liable for damages to the adjacent landowner, without any express authority from the town, or the selectmen.

In a petition for damages caused by raising and grading a highway, the petitioner is not estopped by waiving other damages caused by the deposit of gravel from a sidewalk built along the highway by the surveyor who raised the way.

THE county commissioners of Plymouth, on the petition of Edward Mitchell, issued their warrant for a sheriff's jury to assess damages to his real estate in Bridgewater, in said county, by reason of "the raising and grading of a highway" in said town, which raising and grading was alleged to have been done by order of the defendants.

The warrant commanded the sheriff "to summon, empanel, and cause to be sworn, according to the law in such

case made and provided, a jury of twelve men, to hear and determine the matter of the complaint, and to decide all such matters as shall legally come before them on such hearing "

At the hearing before the sheriff, the respondents objected to the validity of the warrant, because it did not direct the sheriff to summon the jurors from the county of Plymouth, but the sheriff overruled the objection.

It appeared, during the hearing, that the raising and grading complained of was done under the direction and superintendence of the surveyor of highways of the town of Bridgewater, and that he had no express authority from the town, or the selectmen, to make the alteration ; and the respondents claimed that said town was not therefore liable for his acts. This objection was also overruled.

The respondents then offered to show a license from the petitioner to raise the road in question, or a waiver of any claim for damages, and the surveyor who did the work testified as follows : " Mr. Mitchell told me, before the repairs on School street were made, that he would complain of the road unless it was fixed. When I spoke to him for permission to raise the embankment on his line, because the earth would run down on his land, he replied : ' You need not give yourself any uneasiness about the earth ; I don't care how much runs in.' We had then graded the road as far as the second post of Mitchell's garden fence. The last day but one, before we finished the repairs, he spoke of damage done him, and said the damage to him was five hundred dollars. I told him the repairs would be three hundred dollars advantage." And one of the surveyor's assistants testified : " When the north side of the road and the travelled path was graded, and we had got on the south side a little way, beyond the northwest corner of Mitchell's garden, we called upon him, and told him we wanted to build a sidewalk on his side of the road, and we could not do it without filling up to his line. If we did, unless we built a bank wall, the gravel might run through upon his land, and that we wanted permission to fill up to his line, for the purpose of making the sidewalk. This was our purpose in calling on him. He said he had no objection, and did not

care if the gravel did run upon his land. I don't mean to say that Mr. Mitchell assented to grading the road."

The respondents contended that this was a license in law to raise the road to the height at which it was, when the conversation above detailed was had, and requested the sheriff so to instruct the jury; but he declined so to do, but told the jury that it was for them to consider carefully the conversation aforesaid, and if in their belief there was a waiver of a future claim for damages, they should give it effect as such, or by such damages as it was intended and expected by the parties to assess. The jury returned a verdict for the petitioner, which the court of common pleas accepted, and the respondents appealed to this court.

*T. G. Coffin*, for the respondents.

*B. Sanford*, for the petitioner.

BIGELOW, J. 1. The objection to the warrant, that it did not contain a direction to the sheriff to summon a jury from towns in the county of Plymouth, cannot prevail. It is sufficient that the sheriff was directed " to summon, empanel, and cause to be sworn, according to law in such case made and provided, a jury of twelve men," and that all the proceedings of the sheriff were strictly in conformity to this precept.

2. The objection, that the town is not liable to the petitioner for his damages occasioned by the raising of the highway in question, because the same was done by the surveyor of highways without instructions from the selectmen of the town, is also untenable. The change in the grade of the road was made solely for the purpose of repairing it, in pursuance of Rev. Sts. *c.* 25, § 6. It was fully within the power and authority of the surveyor to make such repairs, without any instructions from the selectmen, and the town is liable for the damages thereby occasioned. *Callender* v. *Marsh*, 1 Pick. 418, 426 ; *Elder* v. *Bemis*, 2 Met. 599, 604.

3. We are also of the opinion that the instructions to the jury as to the effect to be given to the conversations of the petitioner with the surveyor and his assistants were correct, and that the petitioner was not estopped thereby from claiming damages for raising the grade of the road. It is undoubt-

35*

edly true, as a proposition of law, that where a party gives **a** license to another to do certain acts upon his land, he cannot afterwards claim damages for the acts done in pursuance of such license while it continues and before its revocation. Such license operates as an estoppel *in pais*. But the facts do not bring this case within the rule. The petitioner sets out in his petition as the cause of damage the raising and grading of the highway. He does not claim damages for land taken to place gravel on, nor for the incumbrance of his estate by gravel actually put thereon. Although these might well come in as incidents of damages, it is the raising and grading of the way which is the gist of his petition, and the main ground of injury to the petitioner. Now, upon reference to the testimony of the surveyor and his assistants, it will be found that the raising and grading of the road had been completed before the con versation with the petitioner took place, which is relied on as an estoppel, and that all that was said by him related to the building of a sidewalk and the placing of gravel on his land for that purpose. It had no reference whatever to the raising and grading, which had then been completed. The utmost, therefore, that could be claimed in behalf of the respondents upon this evidence was, that the petitioner had waived any right to damages for the placing of gravel upon his land for the purpose of building a sidewalk, but not that he was thereby estopped from recovering compensation for the injury to his estate, occasioned by raising the grade of the highway, and thereby obstructing his premises and cutting off ready access thereto. The instructions by the sheriff to the jury seem to us, therefore, to have been well adapted to the case as it was presented by the evidence, and the respondents have no valid ground of exception thereto.

*Judgment of the court of common pleas, accepting the verdict, affirmed.*